**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **GLOBALFAB, L.L.C., and** | § | |
| **TIMOTHY SCOTT THOMAS** | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL CASE NO. 6:10-cv-139/LD** |
| **ALLEN GALYEAN,** | § | **JURY TRIAL REQUESTED** |
| **GALYEAN EQUIPMENT COMPANY,** | § | |
| **INC., GALYEAN, L.P.,** | § | |
| **CITY OF HENDERSON, and** | § | |
| **CITY OF HENDERSON POLICE** | § | |
| **DEPARTMENT** | § | |
| **Defendants** | § | |

**DEFENDANTS CITY OF HENDERSON, TEXAS' AND CITY OF HENDERSON
POLICE DEPARTMENT'S MOTION TO DISMISS,
AND SUBJECT TO SAID MOTION, DEFENDANTS'
ORIGINAL ANSWER, DEFENSES AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, City of Henderson, Texas and City of Henderson Police Department,

Defendants, and file this their Motion to Dismiss, and Subject to Said Motion, Defendants' Original

Answer, Defenses and Jury Demand, and would respectfully show the Court as follows:

**I.
MOTION TO DISMISS**

**A.
Rule 12(b)(1) and (B)(6)**

Plaintiffs have asserted the following four causes of action against the City of Henderson and

the City of Henderson Police Department: (1) Section 1983 Civil Rights Violations, (2) Section 1985

Conspiracy to Commit Civil Rights Violations, (3) Conversion and (4) Negligence/Gross Negligence

claims.  Defendants seek dismissal of all claims and causes of action against them.  Dismissal is based

upon lack of jurisdiction over the subject matter [Rule 12(b)(1)] and for failure to state a claim [Rule 12 (b)(6)].  Dismissal for lack of jurisdiction over the subject matter is appropriate if it appears that the Court does not possess subject matter jurisdiction over the Plaintiff's claims.  *See Ochsner Health Plan v. N. La. Physician Hosp.Org.*,  2002 U.S. Dist. LEXIS 24250, 7 (E.D. La. 2002).  "A motion to dismiss for lack of jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *See Ynclan v. Dept. of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991); *see also Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).  The plaintiff carries the burden of establishing subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Dismissal for failure to state a claim is appropriate when it appears certain that a plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *See Doe v. Dallas Ind. School Dist*. 153 F. 3d 211, 215 (5th Cir. 1998).   The pleadings on their face must reveal beyond doubt that a plaintiff can prove no set of facts entitling relief. *See Garrett v. Commonwealth Mtg. Corp. of America.*  938 F. 2d 591, 594 (5th Cir. 1991).

### B.
### Defendant City of Henderson Police Department's
### Motion to Dismiss

The City of Henderson Police Department is not a legal entity which can be sued.  "In order for a plaintiff to sue a city department, it must 'enjoy a separate legal existence.'" *Darby v Pasadena Police Dept.*, 939 F.2d. 311, 313 (5th Cir. 1981) (*citing Mayes v Elrod*, 470 F. Supp. 1188, 1192 (N.D. Illinois 1979).  "Our cases uniformly show that unless the true political entity has taken steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except

in concert with the government itself." *Darby*, 939 F.2d at 313 - 314; see also *Anderson v Wood County Detention Center*, 2006 LEXIS 16546 (E.D. Tex., Jan. 23, 2006).  Plaintiffs have failed to plead, and cannot show, that the City of Henderson has granted the police department the capacity to engage in separate litigation.   As such, all causes of action and claims against the City of Henderson Police Department should be dismissed in their entirety pursuant to Rule 12(b)(6).

### C.
### Motion to Dismiss Section 1983 and Section 1985 Claims
### Against the City of Henderson
### and City of Henderson Police Department

### 1.
### Plaintiffs' Constitutional Claims

Plaintiffs have asserted a Section 1983 civil rights claim and a Section 1985 conspiracy claim against the City of Henderson Police Department and the City of Henderson.  As set forth above in Section B, no claims can be maintained against the City of Henderson Police Department as a matter of law.  With respect to the City of Henderson, Plaintiffs complain that (1) the search warrant was "based on false criminal allegations made by Allen Galyean" and (2) that the search was "executed in an unreasonable manner due to excessive use of force."  *See* Plaintiffs' First Amended Complaint, paragraphs 40 - 43.   Plaintiffs, however, have failed to state a Constitutional claim against the City of Henderson for which relief can be granted.

### 2.
### *Monell* and Its Progeny

In *Monell v. Department of Social Services,* 436 U.S. 658 (1978),  the Supreme Court held that Congress did not intend to subject municipal bodies to *respondeat superior* liability under §1983. The rejection of *respondeat superior* means that "a municipality cannot be held liable solely because it employs a tortfeasor,"  but only for its own wrongs.  *Id*. at 692.  A municipality is liable for its own

wrongs when enforcement of a municipal policy, custom or practice results in a deprivation of federally protected rights. "It is when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983 on the basis of a *respondeat superior* theory." *Monell,* 436 U.S. at 694; *see also Oklahoma City v. Tuttle,* 471 U.S. 808, 828 (1985) and *Board of the County Commissioners of Bryan County, Oklahoma v. Brown* 520 U.S. 397, 117 S.Ct. 1382, 1388 (1997). "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Board v. Brown*, at 1389. "To prevent municipal liability for a decision from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's alleged inadequate decision and the particular injury alleged." *Id.* at 1391; *see also Lewis v. Pugh*, 2007 U.S. Dist. LEXIS 34754, p.7-8 (E. D. Texas, 2007).

In *Monell* and subsequent cases, the Supreme Court has required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decision of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board v. Brown,* at 1388. "Similarly, an act performed pursuant to a custom that has not been formally approved by an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* A municipality can be sued and subjected to

monetary damages and injunctive relief under 42 U.S.C. §1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *See Monell,* 436 U.S. at 694.

A municipality may be held liable only when the violation of federal rights resulted from the enforcement of a municipal policy or custom. Absent the requisite policy or custom, there is no basis for imposing municipal liability. The "official policy" requirement was intended to distinguish acts of the municipality from acts of employees "in order to limit municipal liability to conduct for which the municipality is actually responsible." *Pembaur v. Cincinnati,* 475 U.S. 469, 479 (1986).

Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *Fraire v. City of Arlington,* 957 F.2d 1268, 1278 (5th Cir. 1992). A plaintiff must identify the policy, connect the policy to the municipality itself and show that his injury was incurred because of the application of that specific policy. *See Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). "Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy." *Fraire,* 957 F. 2d at 1278. The Supreme Court, in denying liability on a single claim of excessive force, explained as follows:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipality policy, which policy can be attributed to a municipal policymaker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the Constitutional deprivation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985) (citations omitted).

In summary, the existence of a Constitutionally deficient policy cannot be inferred from a single wrongful act. *See O'Quinn v. Manuel,* 773 F.2d 605, 610 (5th Cir. 1985) (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S.Ct. 2427 (1985); *see also Lewis*, 2007 U.S. Dist. LEXIS

34754 at p. 11-12.   The policy or custom causing the alleged injury must be a "deliberate or conscious choice" by individuals with policy-making authority.   *See Richardson v. Oldham*, 12 F.3d 1373, 1381-82 (5th Cir. 1994) and *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992). A policy "generally implies a course of action consciously chosen from among various alternatives." *Oklahoma City v. Tuttle*, 471 U.S. at 823.

In enacting 42 U.S.C. §1983, Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the "moving force" behind the plaintiff's deprivation of federal rights.   *See Board v. Brown*, at 1388.   Whether the basis of a municipal liability is an officially promulgated policy, the decision of an official with final policymaking authority, or a custom or practice, it is essential that its enforcement be closely related to the violation of the plaintiff's federally protected rights. Though variously worded in Supreme Court decisions as "moving force," *Brown* at 1388, "direct causal link," *City of Canton,* at 1203, "closely related," *City of Canton*, at 1206, and "actually caused", *City of Canton,* at 1206, these descriptions stress that the enforcement of the municipal policy or custom must be the proximate cause of the deprivation of the plaintiff's federal rights.   The proximate cause requirement plays an especially dominant role in cases in which municipal liability is sought to be based upon a municipality's alleged deficient policy.

**3.**
**Plaintiffs' Have Failed to State a Constitutional Claim Against**
**the City of Henderson for Which Relief Can Be Granted**

For several independent reasons, Plaintiffs' Section 1983 claims fail to state a claim for which relief granted.   First, Plaintiffs' claims are solely *respondeat superior* liability claims based upon the actions of City of Henderson employees.   Namely, Plaintiffs accuse Lt. Sweeney of conducting an

"inadequate" investigation and relying upon alleged false information from Allen Galyean.  Plaintiffs further claim the officers used "excessive force" during the execution of the search warrant.  Plaintiffs, however, have <u>not</u> pled a policy, custom and practice claim against the City of Henderson.  Plaintiffs' claims are based upon the procurement of a single search warrant and the execution of that same search warrant.  As set forth in *Monell* and its progeny, the City of Henderson is not subject to *respondeat superior* liability under Section 1983 or for isolated incidents by its employees.[1]

The analysis should end here.  However, even if the Court were to find that Plaintiffs' have somehow stated a policy, custom or practice claim (which they have not), Plaintiffs' Constitutional claims nonetheless fail because Plaintiffs have not stated a Constitutional violation attributable to any employee of the City of Henderson Police Department.   Without stating a Constitutional violation attributable to any employee, Plaintiffs cannot assert a Constitutional claim that a City of Henderson policy was the "moving force" behind the alleged violation.  If there is no underlying Constitutional claim, then the City of Henderson cannot be held liable as a matter of law.  *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

With respect to the procurement of the search warrant, Plaintiffs have not plead a Constitutional violation attributable to any employee.   Plaintiffs allege the search warrant was obtained "based on the false allegations made by Allen Galyean" (Plaintiffs' First Amended Complaint at paragraphs 40 - 41), and not upon knowingly false information provided by the investigating officer.  The warrant, once signed by a neutral magistrate, invokes the "break in the causal chain" doctrine.  Where as here, officers have presented the facts to a magistrate who then issues the arrest warrant, the Court must consider the "break in the causal chain" doctrine.  It is well settled that if

---

[1] Defendant City of Henderson denies that its officers engaged in any wrongful conduct.

facts supporting a warrant are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation, insulating the initiating party. *See Taylor v. Gregg*, 36 F.3d 453, 356-57 (5th Cir. 1994); *Wheeler v. Cosden Oil and Chemical Co.*, 744 F. 2d 1131, 1132 (5th Cir. 1984). The Fifth Circuit has held that "an officer that acted with malice in procuring the warrant or the indictment will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the cause of chain and insulates the initiated party." *Hand v. Gary*, 838 F. 2d 1420, 1427 (5th Cir. 1988).

In this case, Plaintiffs have <u>not</u> stated, and cannot state, that the officer who procured the warrant knowingly presented false information to the magistrate. Rather, Plaintiffs have stated, and made very clear, that Allen Galyean presented false information to the officer. As such, with respect to the search warrant claim, Plaintiffs have failed to state a Constitutional violation attributable to any City of Henderson employee.

With respect to Plaintiffs' "excessive force" claim, Plaintiffs have not plead a Constitutional violation attributable to any employee. First, Plaintiff Globalfab, LLC cannot, as a matter of law, assert an excessive force claim. Globalfab, LLC is a legal entity and not a person upon whom any excessive force can be asserted. Second, Plaintiff Thomas does <u>not</u> state or plead that <u>any</u> excessive force was utilized upon him. Further, Plaintiff Thomas does <u>not</u> state or plead that he received any physical injuries for the simple fact that he was not injured. It is well-settled in the Fifth Circuit that in order to state a claim for excessive force, the plaintiff's alleged injury, though not required to be significant, must be more than *de minimis*. *Freeman v. Gore,* 483 F.3d 404, 416 (5th Cir. 2007). "The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force

claim is context-dependent and is 'directly related to the amount of force that is Constitutionally permissible under the circumstances.'"  *Id.* (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)  Several other cases address the requirement that the alleged injury must be more than *de minimis*. In *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001), the Fifth Circuit found that "handcuffing too tightly, without more, does not amount to [a claim of] excessive force."   Nor does the development of "acute contusions of the wrist and [a] psychological injury from being handcuffed" give rise to a claim of excessive force.  *See Tarver v. City of Edna*, 410 F.3d. 745, 752 (5th Cir. 2005).  In fact, the Fifth Circuit has reasoned that "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest [are insufficient to] give rise to a Constitutional claim for excessive force."   *Freeman*, 483 F.3d at 416 (citing *Glenn*, 242 F.3d at 314 (5th Cir. 2001) (swollen wrist and bruising of the wrists and arms held to constitute only *de minimis* harm); *see also Myers v. Valdez*, No. 3-05-CV-1799-L, 2005 U.S. Dist. LEXIS 28569, 2005WL 3147869, at *2 (N.D. Tex. Nov. 17, 2005) (noting that allegations of "pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash [and] discomfort" are insufficient to establish "physical injury" requirement or more than *de minimis* injury); *see Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 U.S. Dist. LEXIS 9280, 2005 WL 1163304, at *2 (N.D. Tex. May 13, 2005). (plaintiff's claim of "unnecessary pain and suffering" not enough to allege physical injury).

Because Plaintiff Thomas's Complaint fails to state that any force was used upon him, or that he sustained a physical injury more than *de minimis*, Plaintiff Thomas has failed to state an excessive force claim for which relief can be granted.

Summarily, Plaintiffs have stated no policy, custom or practice claims against the City of Henderson.  Further, because Plaintiffs have stated no Constitutional violation attributable to any

officer of the City of Henderson Police Department, Plaintiffs have failed to plead a Constitutional claim that a City of Henderson policy was the "moving force" behind a violation of Plaintiffs' Constitutional rights.  Since no violation of Plaintiffs' Constitutional rights has occurred, then, as a matter of law, there can be no conspiracy to deprive Plaintiffs of their Constitutional rights.  For these reasons, Plaintiffs' Section 1983 and Section 1985 claim should be dismissed for failure to state a claim.

**D.**
**No Waiver of Sovereign Immunity as to Plaintiffs'**
**Negligence and Gross Negligence Claims**

In Plaintiffs' First Amended Complaint, Plaintiffs allege various negligence and gross negligence claims against the Henderson Police Department only.  (*See* Plaintiffs' First Amended Complaint at Paragraphs 83 - 86)   As set forth above in Section B, no claims can be maintained against the Henderson Police Department as a matter of law.  Even if Plaintiffs' negligence and gross negligence claims had been pled against the City of Henderson, those claims would fail as a matter of law.  The City of Henderson is a "governmental unit" as that term is defined by §101.001(3) of the Texas Tort Claims Act ("TTCA").  Under the doctrine of sovereign immunity, a governmental unit is not liable for the negligence of its officers or employees absent Constitutional or statutory provision waiving immunity from liability.  *See University of Texas Med. Branch of Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994) and *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976).  The Texas Tort Claims Act waives immunity from liability only in certain instances.  Tex. Civ. Prac. & Rem. Code §101.001-101.109.

Under Section 101.021(1) of the TTCA, a governmental unit is liable for "property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of

an employee acting within his scope of employment if: (A) the property damage, personal injury or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment and (B) the employee will be personally liable to the claimant according to Texas Law"

In their First Amended Complaint (Paragraphs 83-86), Plaintiffs claim that the Henderson Police Department breached its "professional duty" by failing to adequately investigate the criminal allegations, by having weapons drawn during the execution of a search warrant, by unplugging a computer, by not communicating "clearly", by not looking at receipts and by allowing someone to look at the trailer after it was seized. None of these alleged "breaches" of "professional duty" fall within the limited waiver of liability under the TTCA. Indeed, none of these claims arise from the operation or use of motor-driven vehicles or equipment. Thus, all of Plaintiffs' negligence and gross negligence claims fail as a matter of law. Plaintiffs have not invoked the Court's subject matter jurisdiction over the negligence/gross negligence claims (under the TTCA) and have failed to state a claim that would entitle them to relief.

## E.
### No Waiver of Sovereign Immunity
### For Intentional Tort Claims

Plaintiffs have also brought a cause of action against the City of Henderson Police Department for conversion. (*See* Plaintiffs' First Amended Complaint, paragraphs 70 - 73)  As set forth above in Section B, no claims can be maintained against the Henderson Police Department as a matter of law. Even if Plaintiffs' conversion claim had been pled against the City of Henderson, the conversion claim would fail as a matter of law. The TTCA does not waive a governmental unit's immunity for a claim arising out of assault, battery, false imprisonment or any other intentional tort. Tex. Civ. Prac. & Rem. Code §101.057(2).  Conversion is an intentional tort. *See City of Houston v.*

*Petroleum Traders Corp.*, 261 S.W.3d 350, 361 (Tex. App. - - Houston [14[th] Dist.] 2008, no pet. h.). Conversion requires an intent to assert a right in the property, either in assumption of ownership or a repudiation of the claimant's right in the property. *See Robinson v. Nat.'l Autotech, Inc.*, 117 S.W.3d 37, 39-41 (Tex. App. - - Dallas 2003, pet. denied). As such, Plaintiffs have not invoked the Court's subject matter jurisdiction over the conversion claim and have failed to state a claim that would entitle them to relief.

## F.
## No Waiver of Sovereign Immunity for
## Exemplary and/or Punitive Damages

Plaintiffs also seek recovery of exemplary and/or punitive damages from the City of Henderson. However, sovereign immunity for exemplary and/or punitive damages have not been waived under the TTCA or 42 U.S.C. §1983. *See* Tex. Civ. Prac. & Rem. Code §101.024; *City of LaPorte v. Barfield*, 898 S.W.2d 288, 299 (Tex. 1995); *Simmons v. City of Austin*, 921 S.W.2d 524, 529 (Tex. App. - - Austin 1996, writ denied). It has been the law since 1981 that a municipality is immune from exemplary and/or punitive damages under 42 U.S.C. §1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). As such, Plaintiffs have not invoked the Court's jurisdiction over these damage claims and have failed to state any claim that would entitle them to punitive and/or exemplary damages.

**II.**
**SUBJECT TO DEFENDANTS' MOTION TO DISMISS,**
**DEFENDANTS' ORIGINAL ANSWER**

COMES NOW, the City of Henderson, Texas and City of Henderson Police Department, Defendants, and file this their Responses to Plaintiffs' First Amended Complaint, and would respectfully show the Court as follows:

1.       Defendants admit the allegations contained in Paragraph 1 of  Plaintiffs' First Amended Complaint.

2.       Defendants admit the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3.       Defendants admit the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.

4.       Defendants admit the allegations contained in Paragraph 4 of  Plaintiffs' First Amended Complaint.

5.       Defendants admit the allegations contained in Paragraph 5 of  Plaintiffs' First Amended Complaint.

6.       Defendants admit that the City of Henderson is a municipality located in Rusk County, Texas. It has been served with process as alleged Paragraph 6 of Plaintiffs' First Amended Complaint.

7.       Defendants admit that the City of Henderson has a police department as alleged in Paragraph 7 of Plaintiffs' First Amended Complaint, but denies that it enjoys a separate legal existence.

8.       Defendants admit this Court has jurisdiction over this matter, but deny all remaining allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.  Defendants deny that

they violated any Constitutional rights of Plaintiffs, and further deny that they engaged in any conspiracy to violate civil rights.

9.      Defendants admit that Plaintiffs are seeking the Court to exercise supplemental jurisdiction as stated in Paragraph 9 of Plaintiffs' First Amended Complaint.  Defendants, however, deny that they engaged in any unlawful conduct or breached any duty that would sustain any of the causes of actions set forth in Paragraph 9.

10.     Defendants admit that venue is proper in this judicial district as alleged in Paragraph 10 of Plaintiffs' First Amended Complaint, but deny that they engaged in any acts or omissions giving rise to Plaintiffs' claims.

11.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint at this time.

12.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

13.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

14.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

15.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

16    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

17.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint at this time.

18.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

19.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

20.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint at this time.

21.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint at this time.

22.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint at this time.

23.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that

Allen Galyean reported to the Henderson Police Department that Plaintiff Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

24.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

25.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

26.    Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint at this time.

27.    Defendants admit that on March 9, 2010 a search warrant was obtained by Lt. Craig Sweeney from a Magistrate.  Defendants deny all remaining allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.

28.    Defendants admit that the quoted language in Paragraph 28 of Plaintiffs' First Amended Complaint is contained in Exhibit "B", the affidavit for search and arrest warrant.  Defendants further admit that Lt. Sweeney had probable cause for the search and seizure and is conducting a current investigation as alleged in Paragraph 28.  Defendants admit that Allen Galyean provided information to Lt. Sweeney.  Defendants, however, deny all remaining allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint.

29.    Defendants admit that the search and arrest warrant was executed on March 10, 2010, at about 10:30 a.m., by officers of the Henderson Police Department.  Defendants deny that they

conducted a "raid" as described by Plaintiffs.  Defendants admit that some, but not all, officers had weapons drawn for a brief period, but deny all remaining allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint.

30.     Defendants admit that the search and arrest warrants were executed during business hours and that a computer was unplugged, but deny all remaining allegations as alleged in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Defendants admit that employees in the shop area were briefly gathered together and requested to empty their pockets for officer safety, but Defendants deny all remaining allegations as alleged in Paragraph 31 of Plaintiffs' First Amended Complaint.

32.     Defendants admit that items reflected on Exhibit "C" were seized, but deny that they were wrongfully seized, as alleged in Paragraph 32 of Plaintiffs' First Amended Complaint.

33.     Defendants admit that Thomas mentioned receipts during the execution of the search and arrest warrant, but deny all remaining allegations as alleged in Paragraph 33 of Plaintiffs' First Amended Complaint.  Defendants aver that following the execution of the search warrant, Plaintiffs, through their counsel, refused to provide receipts to the investigating officer.

34.     Defendants admit that Allen Galyean, the criminal complainant,  has observed the trailer, but denies all remaining allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint. Defendants admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.  Defendants, however, admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.

36.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint at this time.

37.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  Defendants further admit that Allen Galyean has reported that he owns the design and concept of the subject trailer.  This matter is still under criminal investigation.

38.     Defendants admit the allegations contained in the first and last sentences of Paragraph 38 of Plaintiffs' First Amended Complaint, but are without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 38.  This matter is still under criminal investigation.

39.     Defendants incorporate by reference paragraphs 1 through 38 as fully set forth herein.

40.     Defendants admit the first sentence of Paragraph 40 of Plaintiffs' First Amended Complaint, but deny all remaining allegations contained in Paragraph 40 of Plaintiffs' First Amended Complaint. Defendants deny they violated any Constitutional right of Plaintiffs.

41.     Defendants admit that the search warrant was based, in part, upon statements of Allen Galyean to Lt. Sweeney, but deny all remaining allegations contained in Paragraph 41 of Plaintiffs' First Amended Complaint.

42.      Defendants admit that the officers were in body armor and that some, but not all officers, briefly had weapons drawn, but deny all remaining allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

43.     Defendants admit that its officers were acting under color of state law as stated in Paragraph 43 of Plaintiffs' First Amended Complaint, but deny all remaining allegations contained in Paragraph 43 of Plaintiffs' First Amended Complaint.

44.     Defendants incorporate by reference paragraphs 1 through 43 as fully set forth herein.

45.     Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.     Defendants incorporate by reference paragraphs 1 through 45 as fully set forth herein.

47.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.

48.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

50.     Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Defendants incorporate by reference paragraphs 1 through 50 as fully set forth herein.

52.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

53.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint at this time.

54.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint at this time.

55.     Defendants incorporate by reference paragraphs 1 through 54 as fully set forth herein.

56.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

57.     Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint

59.     Defendants incorporate by reference paragraphs 1 through 58 as fully set forth herein.

60.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

61.     Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

64.     Defendants incorporate by reference paragraphs 1 through 63 as fully set forth herein.

65.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 65 of Plaintiffs' First Amended Complaint at this time.

66.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint at this time.

67.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiffs' First Amended Complaint at this time.

68.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 68 of Plaintiffs' First Amended Complaint at this time.

69.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint at this time.

70.     Defendants incorporate by reference paragraphs 1 through 69 as fully set forth herein.

71.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully

appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

72.     Defendants admit that they exercised control of the items seized pursuant to the search and arrest warrant as alleged in Paragraph 72 of Plaintiffs' First Amended Complaint.  Defendants also admit the items have not been released because they are evidence in an ongoing criminal investigation.


73.     Defendants deny the allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint.

74.     Defendants incorporate by reference paragraphs 1 through 73 as fully set forth herein.

75.     Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint.

77.     Defendants incorporate by reference paragraphs 1 through 76 as fully set forth herein.

78.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint at this time.

79.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

80.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive.  This matter is still under criminal investigation.

81.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint at this time.

82.     Defendants incorporate by reference paragraphs 1 through 81 as fully set forth herein.

83.     Defendants deny the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint.

84.     Defendants admit that a search warranted was executed at Globalfab's place of business; that some, but not all officers, briefly had weapons drawn; that a computer was unplugged; and that Allen Galyean, the criminal complainant, was allowed to briefly look at the subject trailer, but Defendants deny all remaining allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint

87.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint at this time.  However, Defendants admit that Allen Galyean reported to the Henderson Police Department that Thomas and others unlawfully

appropriated property from Galyean Equipment, including drawings and blueprints by use of an external hard drive. This matter is still under criminal investigation.

88.     Defendants admit that Allen Galyean is claiming ownership and inventorship of the low-profile tank trailer design, but are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint. This matter is still under criminal investigation.

89.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint at this time. Defendants, however, admit that Allen Galyean is claiming ownership and inventorship of the low-profile tank trailer design. This matter is still under criminal investigation.

90.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint at this time. Defendants, however, admit that Allen Galyean is claiming ownership and inventorship of the low-profile tank trailer design. This matter is still under criminal investigation.

91.     Defendants admit that a search warrant was executed at Plaintiffs' place of business. Defendants admit that Allen Galyean is claiming ownership and inventorship of the low-profile tank trailer design, but are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint at this time.

92.     Defendants admit that Plaintiffs have demanded a trial by jury on all issues so triable.

93.      Defendants deny that Plaintiffs are entitled to the relief sought in the Prayer of Plaintiffs' First Amended Complaint against these Defendants.

94.     To the extent any allegation contained in paragraphs 1 through 92, and the Prayer, have not been admitted or denied by these Defendants, these Defendants deny the allegations at this time.

## III.

## DEFENSES

95.     Defendants plead that Plaintiffs' claims against the City of Henderson and the City of Henderson Police Department are an attempt by Plaintiffs to interfere with, delay or otherwise impede an ongoing criminal investigation.

96.     Defendants plead that no policy, custom or practice of the City of Henderson was the proximate cause or moving force of any damages upon Plaintiffs.

97.     Defendants deny that they violated any statutory or Constitutional rights or privileges of Plaintiffs.

98.     Defendants are entitled to the defense of sovereign immunity in accordance with *Monell* and its progeny.

99.     Defendants deny that they are liable to Plaintiffs for exemplary and/or punitive damages as a matter of law.

100.    Defendants plead that Plaintiffs have failed to state a claim under the Texas Tort Claims Act. Defendants assert all available defenses under the Texas Tort Claims Act, including, but not limited to, sections 101.021, 101.023, 101.024, 101.026, 101.053, 101.057, 101.101 and 101.106.

101.    Defendants plead the law enforcement privilege.

102.    Defendants plead that Globalfab, LLC lacks standing to assert the claims made against them in this civil action.

103.    Defendants seek recovery of all costs of court and attorney fees pursuant to 42 U.S.C. §1988.

**IV.**

**JURY DEMAND**

104.    Defendants demand a trial by jury on all issues so triable.

105.    Defendants reserve the right to plead further.

Respectfully submitted,

BOON, SHAVER, ECHOLS & COLEMAN, P.L.L.C
1800 NW Loop 281, Suite 310
Longview, Texas 75604
(903) 759-2200 telephone
(903) 759-3306 facsimile


BY:   *Darren K. Coleman*
        DARREN K. COLEMAN
        SBN: 04558570
        Attorney-in-Charge

        BRADLEY R. ECHOLS
        SBN: 06390450

        ATTORNEYS FOR DEFENDANTS
        CITY OF HENDERSON, TEXAS AND
        CITY OF HENDERSON POLICE DEPARTMENT


**CERTIFICATE OF SERVICE**

        I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record by electronic filing on this the 6th day of May, 2010.

        *Darren K. Coleman*
        DARREN K. COLEMAN